IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES WILKINS                                    § | | |
|     TDCJ-CID #1261718               § | | |
| V.                                                              § | | C.A. NO. C-05-187 |
|                                                     § | | |
| JUDGE J. MANUEL BANALES           § | | |

### MEMORANDUM AND RECOMMENDATION TO DISMISS

In this action, Texas state prisoner James Wilkins challenges the state court's denial of his motion for reduction of state jail felony punishment. For the reasons stated herein, it is respectfully recommended that plaintiff's action be construed as request for habeas corpus relief, and that it be dismissed without prejudice for failure to exhaust.

### I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

### II. FACTUAL ALLEGATIONS

Plaintiff is incarcerated at the Lopez State Jail in Edinburg, Texas, although his complaint concerns events that occurred at the Nueces County Jail. In his *pro se* complaint, plaintiff sues the state district judge of the 105th Judicial District Court of Nueces County, Texas, J. Manuel Banales. The following allegations were made in plaintiff's complaint. DE #1.

Plaintiff arrived at the Nueces County Jail on August 18, 2004. Beginning that evening, plaintiff was forced to sleep on the floor for two nights. He was not provided with any bedding, not even a sheet, although he requested it. Plaintiff submitted a number of written grievances regarding the lack of bedding and linens, and alleged that the Jail was violating state law jail standards. In response to his grievances, plaintiff was told that incoming prisoners to the jail were housed in the

holding cells until the intake process was complete. The intake duty nurse or shift supervisor could authorize bedding for prisoners with existing medical conditions.

Apparently, these conditions motivated plaintiff to petition the 105th Judicial District Court to reduce his two-year sentence to time served. Plaintiff filed a motion for "reduction of state jail felony punishment to misdemeanor punishment," pursuant to § 12.44, Texas Penal Code.[1] (Vernon 2003). On February 20, 2005, Judge Banales denied plaintiff's motion for reduction of sentence.

Plaintiff filed this action on April 14, 2005. He requests that the federal court review his request for a reduction in sentence and grant him the relief requested.

### III. DISCUSSION

Plaintiff's case was opened as a § 1983 action because of his alleged 8th and 14th amendment claims. However, plaintiff's claim is more properly characterized as one seeking habeas corpus relief.

In Jackson v. Torres, the Fifth Circuit distinguished between § 1983 claims and claims for habeas corpus relief as follows:

> The rule in this Circuit is that any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under § 1983. The relief sought by the prisoner or the label he places upon the action is not the governing factor.

Jackson v. Torres, 720 F.2d 877, 879 (5th Cir. 1983) (per curiam) (citing Johnson v. Hardy, 601 F.2d 172, 174 (5th Cir. 1979). Here, plaintiff's argues that he has sufficient evidence to justify the granting of his § 12.44 motion for reduction of sentence, and complains that Judge Banales erred when he

---

[1] That statute provides in relevant part: "A court may punish a defendant who is convicted of a state jail felony by imposing the confinement permissible as punishment for a Class A misdemeanor if, after considering the gravity and circumstances of the felony committed and the history, character, and rehabilitative needs of the defendant, the court finds that such punishment would best serve the ends of justice." Tex. Penal Code Ann. § 12.44 (Vernon 2003).

denied his motion for sentence reduction. Thus, plaintiff is challenging the administration of his sentence, and such a claim must be pursued in a habeas corpus proceeding, upon exhaustion of available state court remedies. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Kimbrell v. Cockrell, 311 F.3d 361, 362 (5th Cir. 2002).

Plaintiff has not alleged nor offered any evidence to suggest that he has exhausted his claim challenging the denial of his motion for sentence reduction. A prisoner challenging the administration of his sentence must exhaust state judicial remedies before filing a federal petition. 28 U.S.C. § 2254(b)(1)(A); Preiser, 411 U.S. at 500. Because of plaintiff's failure to exhaust, it is not recommended that plaintiff's civil rights complaint be treated as a habeas petition. Instead it is recommended that plaintiff's action be dismissed without prejudice so that plaintiff may exhaust his state court remedies and file a petition pursuant to 28 U.S.C. § 2254.

## IV. CONCLUSION

For the foregoing reasons, it is respectfully recommended that plaintiff's action be dismissed without prejudice.[2]

Respectfully submitted this 28th day of April, 2005.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[2] The Clerk shall mail § 2254 forms to the plaintiff.

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (1996) (en banc).